1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THONGSA KEOHANAM,

Plaintiff,

v.

CAROLYN W. COLVIN,

Defendant.

Case No.   15-cv-00576-KAW

**ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
& GRANTING DEFENDANT'S CROSS-
MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. Nos. 20, 24

Thongsa Keohanam ("Plaintiff") seeks judicial review of a final decision of the

Commissioner of Social Security ("Commissioner" or "Defendant").  Pending before the Court are

the parties' cross-motions for summary judgment.  Having considered the papers filed by the

parties and the administrative record, the Court DENIES Plaintiff's motion for summary judgment

and GRANTS Defendant's cross-motion for summary judgment.

**I.      BACKGROUND**

On October 12, 2011, Plaintiff protectively filed a Title II application for Social Security

Disability Insurance Benefits ("DIB").  (Administrative Record ("AR") at 82, 191-197.)  In the

application, Plaintiff alleged that he became disabled on February 18, 2011, due to high blood

pressure, hepatitis C, cirrhosis, heart problems, liver problems, and depression.  (*Id.* at 83, 191.)

The Social Security Administration ("SSA") denied Plaintiff's applications initially and on

reconsideration.  (*Id.* at 82, 104.)

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  (*Id.* at 132-33.)

The assigned ALJ held a hearing on August 29, 2013.  (*Id.* at 52-81.)  At the hearing, Plaintiff

testified that he worked as an eligibility technician from 1981 to 2011, processing applications for

1    public benefits programs.  (*Id.* at 64.)  He testified that he stopped working in February 2011, and

2    his doctor referred him to a chemical dependency program.  (*Id.* at 65.)  Plaintiff testified that he

3    tried to return to work briefly for a month or two, but he experienced pain in his stomach, severe

4    headaches, trouble sleeping, and difficulty concentrating.  (*Id.* at 60-61.)  Plaintiff also complained

5    of chest pain and low back pain.  (*Id.* at 73.)  Plaintiff stated that he was sick very often and that he

6    suffered side effects from the medications for his alcohol dependence, sleeping problems,

7    depression, and pain.  (*Id.* at 68, 69, 74.)  Plaintiff also testified that his hepatitis C and cirrhosis

8    were severe and that he stopped drinking in August 2011.  (*Id.* at 72.)  According to Plaintiff, his

9    doctor only allowed him to return to work for 20 hours per week.  (*Id.*)

10          On September 16, 2013, the ALJ issued an unfavorable decision.  (AR at 40-47.)  In

11    reaching his decision, the ALJ followed the five-step sequential process that governs Social

12    Security disability determinations.[1]  *See* 20 C.F.R. §§ 404.1520(a); 416.920(a).  At step one, the

13    ALJ determined that Plaintiff, who met the insured status requirements through December 31,

14    2017, had not engaged in substantial gainful activity from February 18, 2011 to June 24, 2012.

15    (AR at 42.)  The ALJ noted that Plaintiff had attempted to return to work in June or August 2011

16    but was unable to continue due to stomach pain, severe headaches, trouble sleeping, and inability

17    to concentrate.[2]  (*Id.*)  At step two, the ALJ determined that Plaintiff suffered from the following

18

United States District Court
Northern District of California

19    [1] At step one, the Commissioner determines whether a claimant is currently engaged in substantial
gainful activity.  If so, the claimant is not disabled.  20 C.F.R. § 404.1520(b).  At step two, the

20    Commissioner determines whether the claimant has a "medically severe impairment or
combination of impairments," as defined in 20 C.F.R. § 404.1520(c).  If the answer is no, the

21    claimant is not disabled.  If the answer is yes, the Commissioner proceeds to step three, and
determines whether the impairment meets or equals a "listed" impairment.  20 C.F.R. §

22    404.1520(d).  If this requirement is met, the claimant is disabled; if not, the Commissioner
proceeds to step four.  At step four, the Commissioner determines whether the claimant can still

23    perform "past relevant work."  20 C.F.R. § 404.1520(e).  If the claimant can perform such work,
he is not disabled.  If the claimant meets the burden of establishing an inability to perform prior

24    work, the Commissioner must show, at step five, that the claimant can perform other substantial
gainful work that exists in the national economy.  20 C.F.R. § 1520(f).  *Reddick v. Chater*, 157

25    F.3d 715, 721 (9th Cir. 1998).  The claimant bears the burden of proof in steps one through four.
*Bustamante v. Massanari*, 262 F.3d 949, 953-954 (9th Cir. 2001).  The burden shifts to the

26    Commissioner at step five.  *Id.* at 954.

27    [2] The Appeals Council noted that although the ALJ found that Plaintiff's work activity during the
period ending on June 24, 2012 was an unsuccessful work attempt, Plaintiff's earnings records

28    showed that he continued to work at the substantial gainful activity level in excess of six months,
exceeding the timeframe of an unsuccessful work attempt.  AR at 6.  The Appeals Council also

1    severe impairments:  hepatitis C, cirrhosis of the liver, and alcohol dependence.  (*Id.*)  At step

2    three, the ALJ determined that Plaintiff did not have an impairment that meets or medically equals

3    the severity of a listed impairment.  (*Id.* at 44.)

4    Before proceeding to step four, the ALJ found that Plaintiff had the residual functional

5    capacity ("RFC") to perform light work from February 18, 2011 through June 24, 2012.  (*Id.* at

6    47.)  Based on this RFC assessment, the ALJ determined, at step four, that Plaintiff could perform

7    his past relevant work as an eligibility technician.  (*Id.*)  The ALJ, therefore, concluded that

8    Plaintiff was not disabled from February 18, 2011 through June 24, 2012.  (*Id.*)

9    Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision.  (*Id.* at

10    33.)  On December 5, 2014, the Appeals Council granted the request for review in part, i.e., as to

11    the period beyond June 24, 2012**.**  (*Id.* at 1-10.)  The Appeals Council adopted the ALJ's findings

12    for the period of February 18, 2011 through June 24, 2012.  (*Id.* at 7.)  The ALJ's decision thus

13    became the final decision of the Commissioner.

14    On February 5, 2015, Plaintiff filed his complaint in this Court, seeking judicial review of

15    the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).  (Compl., Dkt. No. 1.)  He filed

16    his motion for summary judgment on August 10, 2015.  (Pl.'s Mot., Dkt. No. 20.)  The

17    Commissioner filed her cross-motion and opposition on October 7, 2015.  (Def.'s Opp'n, Dkt. No.

18    24.)  Plaintiff filed his reply on October 21, 2015.  (Pl.'s Reply, Dkt. No. 25.)

19                        **II.     LEGAL STANDARD**

20    A court may reverse the Commissioner's denial of disability benefits only when the

21    decision is 1) based on legal error or 2) not supported by substantial evidence in the record as a

22    whole.  42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial

23    evidence is "more than a mere scintilla but less than a preponderance."  *Id.* at 1098.  It is "such

24    relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

25    *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).  In determining whether the

26

27    _____

28    noted that an individual who engages in substantial gainful activity is not disabled regardless of
the severity of his physical or mental impairments and regardless of his age, education, and work
experience.  *Id.*

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    Commissioner's findings are supported by substantial evidence, the court must consider the

2    evidence as a whole, weighing both the evidence that supports, and the evidence that

3    undermines, the Commissioner's decision. *Id.* "Where evidence is susceptible to more than one

4    rational interpretation, the [Commissioner's] decision should be upheld." *Ryan v. Comm'r of Soc.*

5    *Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). The court, however, may not affirm the

6    Commissioner's decision "simply by isolating a specific quantum of supporting evidence." *Id.*

7    (internal quotations and citations omitted). Furthermore, the court's review is limited to the

8    reasons the ALJ provided in the disability determination. *Connett v. Barnhart*, 340 F.3d 871,

9    874 (9th Cir. 2003); *see also Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The court "may

10   not affirm the ALJ on a ground upon which he did not rely.").

### III.   ANALYSIS

12   Plaintiff moves for summary judgment, seeking remand for immediate payment of benefits

13   or, in the alternative, remand for further administrative proceedings. (Pl.'s Mot. at 1.) He argues

14   that reversal is warranted because the ALJ erred in failing to properly consider the evidence

15   regarding his fatigue, difficulties with concentration, and his doctor's recommendation of part-time

16   work. (*Id.* at 5-8.) Plaintiff specifically challenges the ALJ's finding that his fatigue was

17   intermittent, and he argues that even an intermittent impairment precludes substantial gainful

18   activity. (*Id.* at 6.)

19   In her opposition, the Commissioner argues (1) that Dr. Fong's opinion "did not constitute

20   a medical opinion entitled to special consideration in the first place because it did not contain an

21   assessment of Plaintiff's functional limitations," and thus, the ALJ was not required to offer

22   specific and legitimate reasons for rejecting it, (2) that even if the ALJ erred in discounting Dr.

23   Fong's opinion, Plaintiff has not shown that the error was not harmless, and (3) that even if the

24   ALJ had erred, the error was harmless. (Def.'s Opp'n at 3-6.) The Commissioner also argues that

25   to the extent Plaintiff challenges the Commissioner's characterization of fatigue as intermittent,

26   that issue was disposed of when the ALJ found that Plaintiff lacked credibility. (*Id.* at 7.)

### A.   Whether the ALJ erred in discounting Plaintiff's testimony

28   Plaintiff argues that the ALJ failed to properly consider his testimony. (Pl.'s Mot. at 5-8;

4

1   Pl.'s Reply at 4.)

2       In evaluating a claimant's testimony regarding the severity of his symptoms, an ALJ must

3   engage in a two-step inquiry. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citation

4   omitted). An ALJ must first "determine whether the claimant has presented objective medical

5   evidence of an underlying impairment which could reasonably be expected to produce the pain or

6   other symptoms." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotations

7   and citations omitted). At this step, a claimant need not show that his impairment "could

8   reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show

9   that it could reasonably have caused some degree of the symptom." *Id.* (internal quotations and

10  citations omitted).

11      If a claimant meets this first prong and there is no evidence of malingering, the ALJ must

12  then provide "specific, clear, and convincing reasons" for rejecting a claimant's testimony about

13  the severity of his symptoms. *Id.* Where a claimant is a malingerer, the ALJ can reject a

14  claimant's testimony.[3] *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003) ("Benton had to

15  produce objective medical evidence of her impairments and show that the impairments could

16  reasonably be expected to produce some degree of the alleged symptoms. The ALJ could then

17  reject her testimony only upon (1) finding evidence of malingering, or (2) expressing clear and

18  convincing reasons for doing so."); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir.

19  2006) ("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof,

20  he or she may only find an applicant not credible by making specific findings as to credibility

21  and stating clear and convincing reasons for each.").

22      The Court assigns no error to the ALJ's adverse credibility finding in this case. The

23  record is replete with evidence that Plaintiff is a malingerer. The ALJ noted that physician

24  Cynthia Morton observed that Plaintiff had "[m]any complaints and mostly wants disability."

25  (AR at 45.) The ALJ also noted that in treatment notes from Plaintiff's psychiatric treatment,

26

27  _____

   [3] Plaintiff concedes that "[t]he presence of a diagnosis of malingering prevents imposition of the
28  clear and convincing standard." Pl.'s Mot. at 6 (citing AR at 547).

United States District Court
Northern District of California

United States District Court
Northern District of California

1   "treating psychiatrist Michael Cosgrove felt that he showed no signs of a thought disorder,

2   instead being more focused on getting disability documentation and benefits than on getting

3   better." (*Id.* at 45.)  The ALJ further noted that the social worker in Plaintiff's alcohol treatment

4   program "stated that there was a big question of malingering in [Plaintiff's] case, saying that

5   [Plaintiff] 'really does not want to go back to work' but noted, after doing the same job for 30

6   years, 'all of a sudden he can't work anymore.'" (*Id.* at 46.)  The ALJ also discussed the findings

7   of a consultative psychologist, Patricia Spivey, who examined Plaintiff at the SSA's request.  (*Id.*

8   at 46.)  She indicated that Plaintiff "reported applying for benefits so that he could delay using

9   his retirement benefits as long as possible." (*Id.*)  Dr. Spivey ultimately concluded that Plaintiff's

10  "behavior was consistent with malingering." (*Id.*)

11         In light of the above, the ALJ's adverse credibility determination is supported by

12  substantial evidence and free of legal error.[4]

13         **B.     Whether the ALJ erred in rejecting Dr. Fong's opinion**

14         Plaintiff argues that the ALJ failed to properly consider Dr. Fong's findings and his opinion

15  limiting Plaintiff to part-time work during the relevant period.[5] (Pl.'s Mot. at 6-8; Pl.'s Reply at 4.)

16         A treating physician's opinion is entitled to more weight than the opinion of a non-treating

17  physician.  20 C.F.R. § 404.1527(c)(1)-(2).  It is entitled to controlling weight if well-supported

18  and consistent with the other substantial evidence in the record.  *Id.* § 404.1527(d)(2).  When a

19  treating doctor's opinion is not contradicted, an ALJ may reject it only for "clear and convincing"

20  reasons.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (internal quotations and citation

21  omitted).  But when a treating or an examining physician's opinion is contradicted by the opinion

22

23  ───────────────

24  [4] Accordingly, in light of this proper credibility determination and despite Plaintiff's contention to the contrary, the ALJ was free to discount Plaintiff's repeated subjective complaints, including those of "intermittent fatigue" and difficulty concentrating.

25  [5] This purported opinion is found in a treatment note dated July 18, 2011.  AR at 462.  It reads:

26         He has fatigue which is probably from his chronic hepatitis C.  He states he has
27         stopped drinking alcohol.  He has a follow up appointment with his
        gastroenterologist next month.  I will put him on light duty with a 20 hour work
        week until he sees his gastroenterologist.

28  *Id.*

6

1    of another doctor, an ALJ may reject it based on "specific and legitimate reasons supported by

2    substantial evidence in the record . . . ." *Id.* (internal quotations and citation omitted). "The ALJ

3    can meet this burden by setting out a detailed and thorough summary of the facts and conflicting

4    clinical evidence, stating [his] interpretation thereof, and making findings." *Magallanes v. Bowen*,

5    881 F.2d 747, 751 (9th Cir. 1989).

6          As the Commissioner argues in her opposition, even if Dr. Fong's treatment note

7    constituted a medical opinion, and even if the ALJ erred when he allegedly failed to consider it,

8    Plaintiff has not shown why such an error is not harmless. *See Molina v. Astrue*, 674 F.3d 1104,

9    1111 (9th Cir. 2012) (quoting *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("'[T]he burden of

10   showing that an error is harmful normally falls upon the party attacking the agency's

11   determination.'")). In his reply, Plaintiff does not address this argument. (*See* Reply.) Rather,

12   he argues that "[w]hile Dr. Fong did not repeat the limitation to 20 hours of work per week, he

13   never lifted it and more importantly the evidence provides the single inference that [Plaintiff] got

14   worse. The cirrhosis turned cancerous." (Pl.'s Reply at 3.) Plaintiff, however, ignores that Dr.

15   Fong recommended light duty work with a 20-hour week pending an appointment with a

16   gastroenterologist. (AR at 462 ("I will put him on light duty with a 20 hour work week until he

17   sees his gastroenterologist.).) As the Commissioner points out, this was not a permanent

18   limitation, and it would not support Plaintiff's claim that he was unable to engage in substantial

19   gainful activity for a continuous period of at least twelve months. (Opp'n at 4-5.) Indeed,

20   Plaintiff's cancer was noted by the Appeals Council. (AR at 6 ("The Council acknowledges that

21   the claimant's liver cancer was likely present prior to August 9, 2013. However, the finding that

22   the claimant is not disabled because he [wa]s engaged in substantial gainful activity for the

23   period prior to August 9, 2013 precludes a finding of disability during this earlier period.").)

24   This would undermine any argument by Plaintiff that the ALJ's consideration of Dr. Fong's

25   findings was not harmless.

26         For these reasons, Plaintiff has failed to show that the ALJ's assessment of Dr. Fong's

27   findings constitutes legal error.

28   ///

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### IV.    CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment is DENIED and Defendant's cross-motion for summary judgment is GRANTED.

IT IS SO ORDERED.

Dated: 06/16/16

_____
KANDIS A. WESTMORE
United States Magistrate Judge